## CORNING & HORNER vs. SHEPARD, BABBITT AND HALL.

In a suit against several Defendants, joint and several debtors, on a part only of whom the declaration is served, by which the suit was commenced, judgment by default cannot regularly be entered against the *latter only*, but should be against *all the Defendants*. If in such case the suit be severed, the judgment will be not merely *irregular* but *erroneous*.

In a proceeding on *sci. fa.* where the Defendants do not appear upon the writ, the record of judgment must show that all the steps prescribed by the statute (2 R. S., p. 477) to give the court jurisdiction of their persons, were had, *before the default was entered*, or the proceedings will be set aside.

Though a judgment be *erroneous* for the reason just mentioned, and the remedy by writ of error be barred by lapse of time, yet if *laches* in moving to correct the error, exist, the motion will be denied. And if the Defendant swear to merits on such motion, *and set them forth*, and it be clear that he has no defence, and if the judgment when finally entered for the Plaintiff must be in its present form, in consequence of what has transpired since the suit was commenced, the motion to set it aside will be denied.

A suit was commenced against four joint and several makers of a promissory note, by declaration, but service was made only on *three* of them, against whom only the Plaintiff perfected judgment by default, *held* that it was *erroneous*. But the Defendant having permitted two special terms to pass, after he became acquainted with the error, *held*, further that he was not entitled to relief, although the time to bring error had expired before the error came to his knowledge. The Plaintiffs in the judgment proceeded by *sci. fa.* to obtain execution, the Defendants did not appear upon the writ, but the *record* which the Plaintiffs filed did not set forth that the rule granted on the return of the sheriff that the Defendants could not be found in his county, &c., had been published as the statute requires, (2 R. S., p. 580, sec. 19, 20,) nor did it set forth that the affidavit of publication had been filed, sec. 21,) *held irregular and set aside*.

*December Special Term,* 1846. *Motion by Defendants to set aside the judgment entered against them in this cause, and also the proceedings on scire facias issued to obtain execution after two years.*—The

original judgment, and that on the *sci. fa.* were entered on defaults. The suit was founded on a joint and several promissory note *against four makers, on three only of whom* the declaration was served. Only the names of Shepard, Babbitt and Hall, who were served, were contained in the judgment, though that of Stephen W. Brown, one of the makers, was contained *as appeared by the record,* which also contained an averment that the Plaintiff elected to sever the suit and take judgment, as it was entered. The judgment was docketed Oct. 19, 1843, for $763.32. The Defendants resided in the county of Herkimer, and the venue was laid in Albany county.

It appeared from the record of judgment on the writ of *scire facias,* which was docketed on the 8th day of July, 1846, that the writ was regularly issued to the sheriff of Albany county, that the Defendants could not be found therein, that the necessary rule to appear and plead, and that notice thereof be published according to the statute had been obtained on application to the court; but it did *not* appear *by the record* that such rule or any certified copy *had ever been published,* or that any affidavit of such publication *had ever been filed,* (2 R. S. p. 580, sec. 19, 20, 21.) Brown died after the judgment in the original suit had been perfected, but before any proceedings on *sci. fa.* The Defendants did not know that his name was not in the judgment until after the time to bring a writ of error had expired, nor did they know of the *sci. fa.* until judgment had been perfected thereon, but they permitted two special terms of this court to pass after they became acquainted with all the facts, before they applied for relief.

The Defendants insisted that the original judgment was *erroneous,.* bad in substance, and that laches in moving to correct, *in this case,* did not prejudice them, and that the *sci. fa.* proceedings were *irregular,* for the omission of the necessary averments in the record to give the court jurisdiction of the persons of the Defendants, and that both should be set aside, especially as a writ of error could not then be brought on the original judgment.

E. S. CAPRON, *Defts Counsel.*　　CAPRON & LAKE, *Attys for motion.*
M. T. REYNOLDS, *Plffs Counsel.*　　WHITE & EDWARDS, *Attys opposed.*

By the court, JEWETT, Justice.—The judgment upon the writ of *sci. fa.* as appears by the record, was irregularly entered. On the return of the writ by the sheriff, that the defendants could not be found, and had no dwelling house within his county, it was necessary to have procured a rule to be entered by direction of the court requiring the Defendants to appear and plead to such *sci. fa.* within twenty days after

the publication of such rule; and a certified copy of such rule should have been published for four weeks successively in the state paper, and also in a newspaper published in the county where the sheriff who executed the writ resided, if any such paper was published in said county, and if not, then in the paper nearest his residence in an adjoining county. (2 R. S. 580, sec. 19, 20: Laws of 1838, chap. 212, sec. 1. 2.)

The 21st section of the Revised Statutes provides that if the Defendant in such *sci. fa.* shall not appear and plead within the time limited in the rule, the Plaintiff shall be entitled upon filing an affidavit of the due publication of such rule to enter the default of the Defendant, and that judgment shall be entered upon such default in like manner, as if the writ had been returned served. The 23rd sec. provides that *no proceedings* shall be had upon any writ of *sci. fa.* unless the same shall have been served, or notice thereof published as therein before is provided.

The record should contain enough of the proceedings to show that the court had jurisdiction of the persons of the Defendants before judgment was entered against them on the *sci. fa.* It should have contained a suggestion that on the return and filing of the writ with the return of the sheriff thereon, it appeared that the Defendants could not be found in his county, and had no dwelling house in the same county, and that the court on motion of the Plaintiff's counsel ordered a rule to be entered requiring the defendants to appear and plead to such *sci. fa.* within twenty days after the last publication of such rule; and a further suggestion that a copy of such rule certified by the clerk of the said court had been published for four weeks successively in the state paper, and also in a newspaper published in the county where the said sheriff resided; or if no paper was published in the said county, that such should be suggested, and that it was published in some other paper named, nearest the residence of said sheriff, in an adjoining county; and that on filing an affidavit of the due publication of such rule, twenty days after the last publication thereof, having elapsed, and the Defendants not appearing and pleading to such writ, their default was duly entered. The record in this case contains a suggestion that such rule was entered by the direction of this court, and that a further rule was ordered and entered that *said first rule should be published for four weeks successively in the state paper of said state.* It does not, however, appear by any suggestion in the record, that the rule or a copy thereof certified by the clerk was published at all in any paper; but the record proceeds to show that afterwards on the eighth day of July, the Defendant not appearing, judgment was

given, without any suggestion that any publication of the rule had been had, or that any affidavit of the due publication of such rule had been filed.

It is claimed that the judgment in the original suit against the Defendants with S. W. Brown was irregular; Shepard, Babbitt, Hall and Brown were joint and several makers of the promissory note upon which the action was brought. The declaration was filed against all, and served only on the three former, against whom, (dropping Brown,) only was the judgment entered. This was not only irregular, but erroneous. The judgment should have been entered against *all* under the provisions of the statute, although the process had not been served on all. (2 R. S. 377, sec. 1; *Nelson* v. *Bostwick*, 5 Hill, 37; *Platner* v. *Johnson*, 3 Hill, 476; *Miller* v. *McCagg*, 4 Hill, 35.)

From the lapse of time since the judgment was recovered, the Defendant's remedy by writ of error is barred, (2 R. S. 594, sec. 21,) and relief by motion, if the defect complained of is merely a technical irregularity, and not a matter of substance, (2 R. S. 359, sec. 2; *Dedrick* v. *Rushley*, 9 Wendell, 108,) cannot now be granted, more than *one year* having elapsed since the judgment, even if the defendant had not been guilty of *laches* in making this motion. They knew of the existence of the judgment as early as the 21st of March last. They lay by until the last April and June terms of this court had passed without moving and without any valid excuse, and the excuse given, is met and denied fully by the opposing affidavits. The Defendants swear to merits, but they disclose in what their defence rests, from which it cannot but be seen that it would not by any possibility avail them. Brown is dead; and if the default, subsequent proceedings and judgment were set aside, the Plaintiffs would be entitled to enter a suggestion on the record of the death of Brown, and proceed in the action against the Defendants, Shepard, Babbitt and Hall, as survivors, (2 R. S. 386, sec. 1,) and they having no valid defence, the Plaintiffs would be entitled to a new judgment in form and effect the same as the present. Upon the whole I see no sufficient reason to set aside that judgment. The default in the *sci. fa.* suit and subsequent proceedings must be set aside, but without costs.